UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Electronic Funds Source LLC d/b/a T-Chek
Systems, Inc.,

      Plaintiff,

v.                                                 Civil No. 13-3192 (JNE/TNL)
                                                 ORDER

Leader Services, Inc.,

      Defendant.

Electronic Funds Source LLC extended credit to Leader Services, Inc. After Leader Services had allegedly failed to satisfy its debt of more than $370,000, Electronic Funds Source brought this action under the jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Observing that Electronic Funds Source failed to allege its own citizenship, the Court grants Electronic Funds Source an opportunity to file an amended complaint.

Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Electronic Funds Source bears the burden of alleging the citizenship of each party. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In its Complaint, Electronic Funds Source alleged that it "is a limited liability company organized and existing under the laws of Utah with its principal place of business in . . . Utah," that "[n]one of [its] members reside in or maintain their domicile in Minnesota," and that Leader Services "is an Illinois corporation and maintains its principal place of business in Illinois." Electronic Funds Source properly alleged that Leader Services is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). It did not properly allege its own citizenship.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Electronic Funds Source did not allege the citizenship of each member of the company. Consequently, it failed to allege its own citizenship.

Having failed to allege its own citizenship, Electronic Funds Source has not satisfied its burden of alleging diversity jurisdiction. Unless Electronic Funds Source files, on or before December 6, 2013, an amended complaint that alleges with specificity the citizenship of each party at the time of this action's commencement, *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004), the Court will dismiss this action for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated: November 25, 2013

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge