UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Electronic Funds Source LLC d/b/a T-Chek
Systems, Inc.,

      Plaintiff,

v.                                                     Civil No. 13-3192 (JNE/TNL)
                                                     ORDER

Leader Services, Inc.,

      Defendant.

Electronic Funds Source LLC extended credit to Leader Services, Inc. After Leader Services had allegedly failed to satisfy its debt of more than $370,000, Electronic Funds Source brought this action under the jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011). Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. In its Complaint, Electronic Funds Source alleged that it "is a limited liability company organized and existing under the laws of Utah with its principal place of business in . . . Utah," that "[n]one of [its] members reside in or maintain their domicile in Minnesota," and that Leader Services "is an Illinois corporation and maintains its principal place of business in Illinois." Observing that Electronic Funds Source had failed to allege its own citizenship, *see Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990), the Court granted Electronic Funds Source an opportunity to file an amended complaint that alleges with specificity the citizenship of each party at the time of this action's commencement, *see* 28 U.S.C. § 1653

(2006); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).  Electronic Funds Source timely filed a First Amended Complaint.

The jurisdictional allegations of the First Amended Complaint are almost the same as those of the Complaint.  In its First Amended Complaint, Electronic Funds Source alleged that it "is a limited liability company organized and existing under the laws of Utah with its principal place of business in . . . Utah," that "[n]one of [its] members or sub-member reside in or maintain their domicile in Minnesota," that "[n]one of [its] members or sub-members are citizens of Minnesota," and that Leader Services "is an Illinois corporation and maintains its principal place of business in Illinois."  Electronic Funds Source properly alleged that Leader Services is a citizen of Illinois.  *See* 28 U.S.C. § 1332(c)(1).  But Electronic Funds Source failed to allege its own citizenship.  *See, e.g.*, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-35 (7th Cir. 2007); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969.

In short, Electronic Funds Source did not allege its own citizenship in its Complaint.  The Court granted Electronic Funds Source an opportunity to redress the deficient assertion of diversity jurisdiction.  In its Amended Complaint, Electronic Funds Source failed to do so.  The Court dismisses the action for lack of subject-matter jurisdiction.  Therefore, IT IS ORDERED THAT this action is dismissed for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 10, 2013

s/Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge